IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. CR 218-47 |
| v. ) | |
| ) | |
| MAKEDA ATKINSON, & ) | |
| DONALD ADAMS ) | |

### NOTICE OF INTENT TO INTRODUCE OTHER ACT EVIDENCE

The United States of America ("government") hereby provides notice of intent to introduce other act evidence under Federal Rule of Evidence 404(b).

**1.      Procedural History and Charges**

On November 8, 2018, a federal grand jury returned an indictment charging the defendants with Conspiracy to Distribute Controlled Substances and other drug related offenses, in violation of Title 21 of the United States Code.

**2.      Notice and law**

Federal Rule of Evidence 404(b) allows the introduction of crimes, wrongs and other acts to demonstrate motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Fed. R. Evid. 404(b)(2). The United States intends to introduce all misdemeanor and felony drug convictions in its case in chief against the defendant(s) who is/are charged again with a drug crime, as evidence of intent, knowledge, and absence of mistake, and to defeat a "mere presence" argument. See, United States v. Edouard, 485 F.3d 1324, 1344-1345 (11th Cir. 2007)(in drug cases, a defendant's prior drug trafficking offense will be generally admissible to prove that he acted with the requisite intent in connection with the charged offense); United States v. Butler, 102 F.3d 1191 (11th Cir. 1997)(simple possession of drugs admissible in

1

prosecution for distribution).  The prior offense is admissible even if the drug involved in the prior offense is different from the drug in the charged offense.  United States v. Calderon, 127 F.3d 1314 (11th Cir. 1997).

As an initial matter, the defendants have reviewed a copy of his respective criminal history via the United States Probation Office, Pretrial Services Report.  These records are maintained by the United States Probation Office and available for review upon request.  Additionally, in discovery, the government has/is providing copies of the defendant's criminal history, including NCIC reports.  The government is attempting to procure copies of all prior judgments relative to the offenses; and will supplement discovery upon the government's receipt.  The government encourages counsel to discuss any issues regarding the publically available documents, if there are any questions.

The government intends to introduce evidence of prior bad acts regarding the facts, circumstances and convictions outlined below:

**Makeda Atkinson**

On January 10, 1993, in the Wilmington NC police department arrested the defendant and charged him with felony Possession of Cocaine with Intent to Distribute and felony Possession of Heroin with Intent to Distribute.  On August 18, 1993, he was convicted of both felony charges.  The Court sentenced him to 5 years of probation.  On November 29, 1993, he violated his probation.

On June 20, 1994, the defendant was charged in Wilmington NC with felony Possession of Cocaine.  At this time, the undersigned AUSA does not know the disposition and requests permission to supplement this notice.

On July 13, 1994, in Wilmington NC, law enforcement charged the defendant with felony Possession of Cocaine with Intent to Distribute.  On August 25, 1994, he was convicted and sentenced to 5 years in jail.

On June 20, 1995, in Wilmington NC, law enforcement charged the defendant with felony Possession of Cocaine with Intent to Distribute.  He was convicted to 10-12 months confinement.

On September 17, 1998, in Wilmington, NC, law enforcement charged the defendant with felony Possession of Cocaine.  On November 17, 1998, the court sentenced him to 7-9 months of confinement and 24 months of probation.

On February 13, 1999, in Glynn County, GA, law enforcement charged the defendant with felony Possession of Narcotics.  On August 9, 1999, the court sentenced him to 10 years of confinement.

In 2010, Glynn County, GA, law enforcement charged the defendant with felony Possession of Cocaine. At this time, the undersigned AUSA does not know the disposition and respectfully requests permission to supplement this notice.

On September 13, 2011, in Glynn County, GA, law enforcement charged the defendant with felony Possession of Schedule II Controlled Substance, felony Possession of Cocaine, felony Possession of Schedule IV Controlled Substance.  The court sentenced him to 2 years and 1 day of confinement and 12 years and 364 days of probation.

The defendant was on probation when he committed the offense at hand.

**Donald Adams**

On May 4, 1988, San Bernardino, CA, law enforcement charged the defendant with Possession of Controlled Substance for Sale.  On August 24, 1998, the court sentenced him to 3 years of probation.

3. **Conclusion**

For the foregoing reasons, the government provides notice and moves the Court for permission to introduce the aforementioned evidence.  Should the matter be set for trial, the government respectfully requests permission to supplement this initial notice.

Respectfully submitted,

BOBBY L. CHRISTINE
United States Attorney

By:   *s/ E. Greg Gilluly, Jr.*
Assistant United States Attorney
TN019397

P.O. Box 8970
Savannah, Georgia, 31412

## CERTIFICATE OF SERVICE

The undersigned AUSA hereby certifies that a copy of this pleading has been filed in the ECF system and therefore served on the defendant.

This 8${}^{th}$ day of December, 2018.

                                        Respectfully submitted,

                                        BOBBY L. CHRISTINE
                                        United States Attorney

By:    *s/ E. Greg Gilluly, Jr.*
            Assistant United States Attorney
            TN019397

P.O. Box 8970
Savannah, Georgia, 31412
912-652-4422