UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CR 218-47 |
| | ) |
| DONALD ADAMS | ) |

**PLEA AGREEMENT**

Defendant, Donald Adams, represented by his counsel Alan D. Tucker, Esq., and the United States of America, represented by Assistant United States Attorneys Greg Gilluly and Jennifer Kirkland, have reached a plea agreement in this case. The terms and conditions of that agreement are as follows.

1. Guilty Plea

Defendant agrees to plead guilty to Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances, as charged in Count One of the Indictment. The government will move to dismiss the defendant from the remaining counts of the indictment at sentencing.

2. Elements and Factual Basis

The elements necessary to prove Count One are as follows:

FIRST:   That two or more people in some way agreed to try to accomplish a shared and unlawful plan to possess a controlled substance;

SECOND:  That the defendant knew the unlawful purpose of the plan and willfully joined in it; and

THIRD:   That the object of the unlawful plan was to possess with the intent to distribute and to distribute a controlled substance.

1

Defendant agrees that he is, in fact, guilty of this offense. He agrees to the accuracy of the following facts, which satisfy each of the offense's required elements:

Beginning at a time unknown to the Grand Jury, but at least from in or about September 2017, continuing until on or about January 30, 2018, in Glynn County, within the Southern District of Georgia, the defendants Donald Adams and Makeda Atkinson, aided and abetted by each other and others, did knowingly and intentionally combine, conspire, and agree to possess with intent to distribute and to distribute a controlled substance, to wit: a mixture and substance containing a detectable amount of heroin, a mixture and substance containing a detectable amount of cocaine, a mixture and substance containing a detectable amount of fentanyl, a mixture and substance containing a detectable amount of hydromorphone, all controlled substances, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and (b)(1)(C). Furthermore, on December 28, 2017, in Glynn County, the defendant Donald Adams and Makeda Atkinson, aided and abetted by each other, did knowingly and intentionally distribute a controlled substance, to wit, a mixture and substance containing a detectable amount of fentanyl and death resulted from the use of fentanyl by L. M., in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C). On December 28, 2017, in Glynn County, Makeda Atkinson contacted Donald Adams and instructed him to deliver L.M. "heroin" and hydromorphone. Atkinson previously provided Adams a quantity of "heroin" to deliver to Atkinson's customers. On December 28, 2017, L.M. arrived to purchase the "heroin" and pills, and received them from Adams. After injecting the "heroin," she died. Further

investigation revealed that the substance was in fact a mixture and substance containing a detectable amount of fentanyl. Atkinson admitted that he instructed Adams to serve L. M.; and Adams admitted he served L. M. the controlled substance.

3. Possible Sentence

Count One, Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances, carries the following maximum penalties:

-Not more than 20 years of incarceration;
-Not more than a $1,000,000 fine;
-Not less than 3 years of supervised release, up to life; and
-a mandatory $100 special assessment.

4. No Promised Sentence

No one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range. The Court is not bound by any estimate of sentence given or recommendations made by Defendant's counsel, the government, the U.S. Probation Office, or anyone else. The Court may impose a sentence up to the statutory maximum. Defendant will not be allowed to withdraw his plea of guilty if he receives a more severe sentence than he expects.

5. Court's Use of Guidelines

The Court is obligated to use the United States Sentencing Guidelines to calculate the applicable guideline range for Defendant's offense and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), in determining his sentence. The Sentencing Guidelines are advisory; the Court is not required to impose a sentence within the range those Guidelines suggest. The Sentencing Guidelines are based on all of

Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the facts underlying the particular Count to which Defendant is pleading guilty.

6. <u>Agreements Regarding Sentencing Guidelines</u>

   a. <u>Acceptance of Responsibility</u>

   The government will not object to a recommendation by the U.S. Probation Office that Defendant receive a two-level reduction in offense level for acceptance of responsibility pursuant to Section 3E1.1(a) of the Sentencing Guidelines. If the U.S. Probation Office makes that recommendation, and Defendant's offense level is 16 or greater prior to any reduction for acceptance of responsibility, the government will move for an additional one-level reduction in offense level pursuant to Section 3E1.1(b) based on Defendant's timely notification of his intention to enter a guilty plea.

   b. <u>Use of Information</u>

   The government is free to provide full and accurate information to the Court and U.S. Probation Office for use in calculating the applicable Sentencing Guidelines range. Any incriminating information provided by the defendant during his cooperation will not be used in determining the applicable Guidelines range, pursuant to U.S.S.G. § 1B1.8.

7. <u>Cooperation</u>

   a. <u>Complete and Truthful Cooperation Required</u>

   Defendant must provide full, complete, candid, and truthful cooperation in the investigation and prosecution of the offenses charged in his Indictment and any

related offenses. Defendant shall fully and truthfully disclose his knowledge of those offenses and shall fully and truthfully answer any question put to him by law enforcement officers about those offenses.

This agreement does not require Defendant to "make a case" against any particular person. His benefits under this agreement are conditioned only on his cooperation and truthfulness, not on the outcome of any trial, grand jury, or other proceeding.

    b.    <u>Motion for Reduction in Sentence Based on Cooperation</u>

The government, in its sole discretion, will decide whether Defendant's cooperation qualifies as "substantial assistance" pursuant to U.S.S.G. § 5K1.1 or Fed. R. Crim. P. 35 and thereby warrants the filing of a motion for downward departure or reduction in Defendant's sentence. If such a motion is filed, the Court, in its sole discretion, will decide whether, and to what extent, Defendant's sentence should be reduced. The Court is not required to accept any recommendation by the government that the Defendant's sentence be reduced.

8.    <u>Financial Obligations and Agreements</u>

    a.    <u>Special Assessment</u>

Defendant agrees to pay a special assessment in the amount of $100 per count, payable to the Clerk of the United States District Court, which shall be due immediately at the time of sentencing.

b.   <u>Required Financial Disclosures</u>

Following the guilty plea, Defendant shall complete a financial disclosure form listing all his assets and financial interests, whether held directly or indirectly, solely or jointly, in his name or in the name of another. Defendant shall sign the financial disclosure form under penalty of perjury and provide that form to the Financial Litigation Unit of the United States Attorney's Office and to the United States Probation Office. Defendant authorizes the United States to obtain credit reports on Defendant and to share the contents of those reports with the Court and the United States Probation Office. Defendant also authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the United States Probation Office.

c.   <u>Financial Examination</u>

Defendant will submit to an examination under oath on the issue of his financial disclosures and assets if deemed necessary by the United States. Such examination will occur not later than 30 days after the entry of Defendant's guilty plea.

d.   <u>No Transfer of Assets</u>

Defendant certifies that he has made no transfer of assets in contemplations of this prosecution for the purpose of evading or defeating financial obligations created by this Agreement or that may be imposed upon him by the Court at sentencing. Defendant promises that he will make no such transfers in the future.

e.  **Material Change in Circumstances**

Defendant agrees to notify the United States of any material change in circumstances, as described in 18 U.S.C. § 3664(k), that occurs prior to sentencing in this case. Such notification will be made within seven days of the event giving rise to the changed circumstances, and in no event later than the date of sentencing.

f.  **Enforcement**

Any payment schedule imposed by the Court is without prejudice to the United States to take all actions and remedies available to it to collect the full amount of the financial obligations imposed by the judgment of the Court in this case. Defendant understands and agrees that the financial obligations imposed by the judgment of the Court in this case will be placed on the Treasury Offset Program so that any federal payment that Defendant receives may be offset and applied to the judgment debt without regard to or affecting any payment schedule imposed by the Court.

g.  **Forfeiture and Abandonment of Property**

The defendant agrees to forfeit and abandon any property that was seized during this investigation, as outlined in the indictment.

9. **Waivers**

a.  **Waiver of Appeal**

Defendant entirely waives his right to a direct appeal of his conviction and sentence on any ground (including any argument that the statute to which the defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute). The only exceptions are that the Defendant may

file a direct appeal of his sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing; or (3) the Government appeals the sentence. Absent those exceptions, Defendant explicitly and irrevocably instructs his attorney not to file an appeal.

    b.    <u>Waiver of Collateral Attack</u>

Defendant entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion. The only exception is that Defendant may collaterally attack his conviction and sentence based on a claim of ineffective assistance of counsel.

    c.    <u>FOIA and Privacy Act Waiver</u>

Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

    d.    <u>Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 Waiver</u>

Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules. If Defendant fails to plead guilty, or his plea of guilty is later withdrawn, all of Defendant's statements

in connection with this plea, and any leads derived therefrom, shall be admissible for any and all purposes.

10. <u>Defendant's Rights</u>

Defendant has the right to be represented by counsel, and if necessary have the court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights which he will waive by pleading guilty, including: the right to plead not guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; and the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

11. <u>Satisfaction with Counsel</u>

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that his attorney has represented him faithfully, skillfully, and diligently, and he is completely satisfied with the legal advice given and the work performed by his attorney.

12. <u>Breach of Plea Agreement</u>

Defendant breaches this agreement if, prior to sentencing in his case, he fails to comply with any of the terms of this agreement, withdraws or attempts to withdraw his guilty plea, refuses to accept responsibility for his criminal conduct, obstructs justice, tampers with witnesses or evidence, or commits any new crimes. If Defendant breaches the plea agreement, the government is released from any agreement herein regarding the calculation of the advisory Sentencing Guidelines or

the appropriate sentence. Additionally, such a breach by the defendant will be a breach of his cooperation agreement, thereby allowing the government to use all otherwise proffer-protected information at sentencing. In addition, the government may (1) declare the plea agreement null and void, (2) reinstate any counts that may have been dismissed pursuant to the plea agreement, and/or (3) file new charges against Defendant that might otherwise be barred by this plea agreement. Defendant waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.

13. **Entire Agreement**

This agreement contains the entire agreement between the government and Defendant.

*Signatures on following page*

|  |  |
|---|---|
|  | BOBBY L. CHRISTINE<br>UNITED STATES ATTORNEY |
|  | *[signature]* |
| 3/2/19 |  |
| Date | Brian T. Rafferty<br>New York Bar No. 2809440<br>Chief, Criminal Division |
|  | *[signature]* |
| 4-2-19 |  |
| Date | E. Greg Gilluly, Jr.<br>TN Bar No. 019397<br>Assistant United States Attorney |
|  | *[signature]* |
| 5/2/19 |  |
| Date | Jennifer Kirkland<br>Assistant United States Attorney |

*Signatures on following page*

11

I have read and carefully reviewed this agreement with my attorney. I understand each provision of this agreement, and I voluntarily agree to it. I hereby stipulate that the factual basis set out therein is true and accurate in every respect.

3-29-19
Date

Donald Adams, Defendant

I have fully explained to Defendant all of his rights, and I have carefully reviewed each and every part of this agreement with him. I believe that he fully and completely understands it, and that his decision to enter into this agreement is an informed, intelligent, and voluntary one.

3/29/2019
Date

Alan Tucker
Defendant's Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 418-47 |
| | ) | |
| DONALD ADAMS | ) | |

## ORDER

The aforesaid Plea Agreement, having been considered by the Court in conjunction with the interrogation by the Court of the defendant and the defendant's attorney at a hearing on the defendant's motion to change his plea and the Court finding that the plea of guilty is made freely, voluntarily and knowingly, it is thereupon,

ORDERED that the plea of guilty by defendant be, and it is, hereby accepted and the foregoing Plea Agreement be, and it is, hereby ratified and confirmed.

This 13 day of May 2019.

_____
HONORABLE LISA GODBEY WOOD
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA